IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00290-CR

 

Danny Paul Martin,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court # F36430

 



MEMORANDUM 
Opinion



 








      This
is an appeal of a conviction for felony driving while intoxicated.  See
Tex. Penal Code Ann. §§ 49.04(a)-(b), 49.09(b) (Vernon 2003).  We will affirm.

      In
Appellant’s first issue, he contends that the trial court erred in admitting a
911 recording.  Appellant argues that the
State produced the tape less than a week before trial in violation of the
court’s discovery order.  See Tex.
Code Crim. Proc. Ann. art.
39.14(a) (Vernon Supp. 2004).  The
State contended that the tape came into its possession half an hour before the
State offered it.  By failing to request
a continuance, Appellant forfeited the complaint or rendered harmless any
error.  See Tex. R.
App. P. 33.1(a), 44.2(b); Barnes v. State, 876 S.W.2d 316, 328
(Tex. Crim. App. 1994) (undisclosed witness); Taylor v. State, 93 S.W.3d 487, 502 (Tex. App.—Texarkana 2002, no
pet.) (discovery order); TCA Bldg. Co. v. N.W. Res. Co., 922
S.W.2d 629, 637 (Tex. App.—Waco 1996,
writ denied) (supplemental evidence).  On
appeal, Appellant also argues that the tape was not relevant, was not authenticated,
and deprived him of the confrontation of potential witnesses pursuant to the
Texas Code of Criminal Procedure.  See Tex.
R. Evid. 401-402, 901(a); Tex. Code Crim. Proc. Ann. art.
1.05 (Vernon 1977).  By not
presenting these objections in the trial court, Appellant forfeited them.  See
Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a).  Appellant’s
first issue is overruled.

      In
Appellant’s second issue, he contends that the trial court erred in overruling
Appellant’s motion to suppress evidence. 
Appellant argues that the officers did not have reasonable suspicion to
stop him.  The officers testified that
they observed Appellant fail to stop and remain stopped behind the white line
at an intersection, and thus had probable cause to stop Appellant.  See
Tex. Transp. Code Ann. § 544.007(d) (Vernon Supp. 2004).  They had
probable cause to stop him.  See Whren v. United
 States, 517 U.S. 806, 818 (1996); Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002).  Appellant’s second issue is overruled.

      Having
overruled Appellant’s issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

Affirmed

Opinion
delivered and filed October 20, 2004

Do
not publish

[CR25]